UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HSBC Mortgage Services, Inc.,

    Plaintiff,

    v.                                                                    Case No. 1:07cv699

Louis D. Horn, Jr., *et al.*,                                  Judge Michael R. Barrett

    Defendants.

**ORDER**

This matter is before the Court upon Defendant Louis D. Horn's Motion to Dismiss (Doc. 13); and Plaintiff HSBC's Response in Opposition (Doc. 16).[1]

**I. BACKGROUND**

On August 22, 2007, Plaintiff has filed this action to foreclose the mortgage encumbering Defendant's real property located at 4615 Greenlee Avenue, Cincinnati, Ohio. (Doc. 1) Plaintiff alleges that it is the owner and holder of the mortgage. (Id. ¶ 13) Plaintiff alleges jurisdiction in this Court based upon diversity of the parties. (Id. ¶ 1)

**II. ANALYSIS**

    **A. Motion to Dismiss Standard**

Defendant brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; Rule 12(b)(7) for failure to join parties necessary for a just adjudication of this matter; and Rule 12(b)(1) for

---

[1] The text of Plaintiff's Memorandum in Opposition states that it is brought on behalf of Plaintiff Wells Fargo Bank. The Court presumes this is a typographical error, as Wells Fargo is not a party to this action.

lack of subject matter jurisdiction.

A motion to dismiss based on Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D.Ohio 2002) (explaining that a Rule 12(b)(6) motion may be decided only after establishing subject matter jurisdiction since the Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction), *citing Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction. *Pritchard*, 210 F.R.D. at 592. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Defendant's motion attacks the factual existence of subject matter jurisdiction, and is therefore a factual attack. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.* at 598; *Moir*, 895 F.2d at 269. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

Under Rule 12(b)(6), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964-65 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* at 1964-65 (citations omitted) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))

Rule 12(b)(7) provides as a defense "failure to join a party under Rule 19." Defendant argues that Mortgage Electronic Registration Systems ("MERS") is a indispensable party. The Sixth Circuit has explained that the resolution of the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process. *Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America*, 822 F.2d 613, 618 (6th Cir. 1987), *cert. denied*, 484 U.S. 1019 (1988). First, this Court must first determine whether MERS is a necessary party under Rule 19(a):

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties , or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

If this Court finds that MERS falls within either one of these provisions, then it is to be joined if feasible. *Keweenaw Bay Indian Community v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993). The Court must then consider steps two and three: the issues of personal jurisdiction and indispensability. *Id.* If personal jurisdiction is present, the party shall be joined. *Id.* If personal jurisdiction is absent, the Court proceeds to the third step, which involves an analysis of the factors set forth in Rule 19(b) to determine whether the court may proceed without the absent party or whether the case must be dismissed due to the indispensability of that party. *Id.*

### B.  Subject matter jurisdiction

Defendant argues that this Court lacks subject matter jurisdiction because even though Plaintiff alleges that it is the owner of the mortgage, MERS was the owner of the mortgage at the time of the filing of the Complaint. Plaintiff filed a Notice of Filing of Assignment of Mortgage (Doc. 9), which shows that on August 27, 2007, MERS assigned the mortgage to Plaintiff. However, Plaintiff's Complaint was filed five days earlier on August 22, 2007.

"In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue. Standing has both constitutional and prudential dimensions. The constitutional requirements for standing emanate from Art. III, § 2, of the U.S. Constitution, which grants federal courts jurisdiction over 'cases' and 'controversies.'" *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002), *quoting Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). Standing is determined as of the time the complaint is filed. *Cleveland Branch, NAACP v. City of Parma, Ohio*, 263 F.3d 513, 524 (6th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002).

In order to demonstrate Article III standing, a plaintiff must first allege that he has suffered an injury that is (a) concrete and particularized, and (b) actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, the alleged injury must be fairly traceable to the defendant's conduct, and not be the result of the independent action of a third party. *Id.* Third, the plaintiff must allege that a favorable federal court decision is likely to redress the alleged injury. *Id.* at 561.

Based upon the Notice of Filing of Assignment of Mortgage (Doc. 9), Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint. Therefore, this Court does not have subject matter jurisdiction over this matter. *Accord In re Foreclosure Cases*, 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007) (slip op.).

### III. CONCLUSION

Based on the foregoing, Defendant Louis D. Horn's Motion to Dismiss (Doc. 13) is hereby **GRANTED**. Plaintiff's Complaint is hereby dismissed without prejudice. This matter shall be closed, and terminated from the docket of the Court.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                                Michael R. Barrett, Judge
                                                United States District Court